# United States District Court

DISTRICT OF RHODE ISLAND

RECEIVED
SEP 07 2006
Property of U.S. District Court
District of Rhode Island

UNITED STATES OF AMERICA
V.

HEBER GOMEZ
*Defendant*

## ORDER OF DETENTION PENDING TRIAL

Case Number: 1:06-M-85M

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I — Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

- ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in ______________________________.*
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in ______________.
- ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

*I find that the credible testimony and information submitted at the hearing establishes by* (clear and convincing evidence) (a preponderance of the evidence) that

See the attached Reasons For Detention.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 9-11-06

David L. Martin
*Signature of Judicial Officer*

DAVID L. MARTIN, U.S. Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

UNITED STATES v. HEBER GOMEZ
Case No. 1:06-M-85M

**REASONS FOR DETENTION**

A hearing was held on September 5, 2006. After consulting with counsel, the defendant waived a preliminary examination. The affidavit attached to the criminal complaint establishes probable cause to believe that the defendant, being an alien previously deported from the United States, did knowingly enter and was found in the District of Rhode Island without having obtained the express consent of the Attorney General of the United States to reapply for admission into the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The offense carries a maximum term of imprisonment of twenty years.

I find that the defendant poses a risk of flight. I have considered the defendant's family circumstances as proffered by the defendant. However, the defendant has two prior convictions for drug possession and three prior convictions for misdemeanor offenses. His criminal history indicates that warrants have been issued for him in the past for failure to appear, including one warrant that remains outstanding. The information available to the Court indicates the defendant has attempted to alter his fingerprints, leaving the Court to conclude this was an attempt

to escape detection. The evidence against the defendant is strong, and he faces a substantial term of imprisonment if convicted.

Detention is ORDERED.

David L. Martin

DAVID L. MARTIN
UNITED STATES MAGISTRATE JUDGE

9-11-06

Date